IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **KIOBA PROCESSING LLC,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**COMPASS, INC.,**<br><br>       **Defendant.** | Case No. 6:23-cv-00760<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Kioba Processing LLC ("Kioba") files this Complaint against Compass, Inc., (hereinafter "Compass") for infringement of United States Patent No. 8,056,017 (the "Patent-in-Suit"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

### THE PARTIES

2. Kioba Processing LLC is a Georgia limited liability company with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, GA, 30009, USA.

3. On information and belief, defendant Compass, Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 90 Fifth Avenue, 3rd Floor, New York, New York 10011.

4. On information and belief, Compass, Inc. may be served with process through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 or anywhere it may be found.

5. On information and belief, Compass sells and offers to sell products and services throughout Texas, including in this judicial district, as well as throughout the United States, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be used, offered for sale, or sold in this judicial district and elsewhere in the United States.

6. On information and belief, Compass has made, used, offered to sell and/or sold products and services, including the following specifically accused products and services: (1) the Compass website;[1] (2) Compass Real Estate Research System;[2] (3) current or legacy products or services, which use, or have used, one or more of the foregoing products and services as a component product or component service; (4) combinations of products and/or services comprising, in whole or in part, two or more of the foregoing products and services; and (5) all other current or legacy

---

[1] *See* https://www.compass.com/.

[2] *See, e.g.,* https://www.compass.com/homes-for-sale/austin-tx/.

products and services imported, made, used, sold, or offered for sale by Compass that operate, or have operated in a substantially similar manner as the above-listed products and services. (As used herein, one or more of the forgoing products and services are individually and collectively referred to as the accused "Compass Real Estate Research Products and Services").

7. On information and belief, Compass, as well as the hardware and software components comprising the Compass Real Estate Research Products and Services and/or that enable the Compass Real Estate Research Products and Services to operate, including but not limited to servers, server software, webserver software, webserver hardware, browser executable software, website client software, mobile computing device client application software, networked communications hardware, network routers, network switches, network hubs, back-end hardware, back-end software, cloud-based software, cloud-based hardware, and other hardware and software computing systems and components (individually and collectively referred to herein as the accused "Compass Real Estate Research System"), infringes (literally and/or under the doctrine of equivalents) at least one claim of the Patent-in-Suit.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Compass because it committed and continues to commit acts of infringement in this judicial district in violation of 35 U.S.C. § 271(a) and (b). In particular, on information and belief, Compass has made, used, offered to sell access to, and/or sold access to the accused Compass Real Estate Research Products and Services in the Western District of Texas, and has made, used,

offered to sell access to, and/or sold access to the Compass Real Estate Research System in the Western District of Texas. Additionally, on information and belief, Compass has induced its customers and potential customers to use the Compass Real Estate Research Products and Services and Compass Real Estate Research System by providing access, encouragement, and marketing materials directing the use of same to such individuals who are located in the Western District of Texas, including but not limited to in the office locations maintained by Compass in the Western District of Texas.

9. On information and belief, Compass is subject to the Court's jurisdiction because it regularly conducts and solicits business, or otherwise engages in other persistent courses of conduct in this judicial district, and/or derives substantial revenue from the use, sale, and distribution of goods and services, including but not limited to the accused Compass Real Estate Research Products and Services provided to individuals and businesses in the Western District of Texas.

10. On information and belief, Compass infringes the patent-in-suit in the Western District of Texas, at least, by making, using, offering to sell access to, and/or selling access to the accused Compass Real Estate Research Products and Services in the Western District of Texas, and its making, use, offering to sell access to, and/or selling access to the Compass Real Estate Research System.

11. On information and belief, Compass is a real estate brokerage service and operates some 398 offices in 28 states.

12. Indeed, on information and belief, Compass operates at least fourteen retail offices in the State of Texas alone, *see* https://www.compass.com/about/offices,

with retail offices throughout this judicial district, including two office locations in Austin.

13. On information and belief, the accused Compass Real Estate Research Products and Services and/or the Compass Real Estate Research System are made, used, sold and offered for sale by Compass, or its agents, at Compass' retail offices, including those retail offices located in the Western District of Texas.

14. On information and belief, Compass employees, customers, and potential customers located in the Western District of Texas have obtained access to and used the accused Compass Real Estate Research Products and Services and/or the Compass Real Estate Research System while located in the Western District of Texas, including while located at Compass' in-district office locations.

15. The Court has personal jurisdiction over Compass at least because it has continuous business contacts in the State of Texas and in the Western District of Texas; Compass has engaged in business activities including transacting business in the Western District of Texas and purposefully directing its business activities, including the sale or offer for sale of the Compass Real Estate Research Products and Services to the Western District of Texas to induce, aid, abet, or contribute to the infringement of third parties in the Western District of Texas.

16. This Court has personal jurisdiction over Compass because, *inter alia*, Compass, on information and belief: (1) has committed acts of patent infringement in this Western District of Texas; (2) maintains a regular and established place of business in the Western District of Texas; (3) has substantial, continuous, and systematic contacts

with this State and the Western District of Texas; (4) owns, manages, and operates facilities in this State and the Western District of Texas; (5) enjoys substantial income from its operations and sales in this State and the Western District of Texas; (6) employs Texas residents in this State and the Western District of Texas, and (7) solicits business using the Compass Real Estate Research Products and Services and Compass Real Estate Research System in this State and the Western District of Texas.



17.     On information and belief, Compass solicits Texas-based customers for its infringing products and services, including Compass's Real Estate Research Products and Services in the State of Texas and in this Judicial District.

18. On Information and belief, Compass indirectly infringes the patent-in-suit in the State of Texas, including but not limited to within this Judicial District, through its recommendation and encouragement of the use of its Real Estate Research Products and Services to its customers and potential customers located in the State of Texas and this Judicial District.

19. Venue is proper pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b) and the Federal Circuit's decision in *In re Monolithic Power Sys.*, 50 F.4th 157 (Fed. Cir. 2022), at least because Defendant has multiple employees based out of this district as listed on LinkedIn, has transacted business in this district, and has directly committed acts of patent infringement in this district.

### Compass's Prior Knowledge of the Patent-in-Suit

20. On or about February 7, 2020, counsel for Kioba sent a letter (the "February 2020 Letter") via certified mail return receipt requested to Ms. Iris Lichtman, in her role as Interim Co-General Counsel of Compass. The February 2020 Letter was sent to Compass, along with an infringement claim chart identifying Compass' infringement of the Patent-in-Suit, and invited Compass to participate in discussions regarding a license to allow its continued use of Kioba' patented technologies.

21. On information and belief, on or about February 7, 2020, Ms. Lichtman received a copy of the February 2020 Letter via email on behalf of Compass.

22. On or about February 26, 2020, Ms. Lichtman, in her role of Interim Co-General Counsel, responded to the February 2020 Letter, and indicated that a review of the information Kioba provided regarding the Patent-in-Suit was ongoing.

23. On or about May 22, 2020, counsel for Kioba wrote to follow-up Compass' alleged review of the Patent-in-Suit, noting that the previously shared infringement chart was straight forward, but nevertheless offering to schedule a call to discuss any questions Compass may have had.

24. As of the date of the filing of the instant Complaint, neither Compass nor Ms. Lichtman have provided Kioba with the result of its alleged review or response to Kioba's invitation to set up a call to connect with Kioba or any of its attorneys.

25. On information and belief, at least as early as February 7, 2020, Compass' infringement of the Patent-in-Suit constituted willful, knowing, and intentional infringement.

**United States Patent No. 8,056,017**

20. On November 8, 2011, the USPTO duly and legally issued United States Patent No. 8,056,017 ("the '017 patent") entitled "Real Estate Value Map Computer System" to inventor Steven Paul Wiese.

21. The '017 patent is presumed valid under 35 U.S.C. § 282.

22. Kioba owns all rights, title, and interest in the '017 patent.

23. Kioba has not granted Compass an approval, an authorization, or a license to the rights under the '017 patent.

24. The '017 patent relates to, among other things, a computer method and system for creating and providing a map image of real estate values.

25. The claimed invention(s) of the '017 patent sought to solve problems with, and improve upon, existing real estate research and analysis systems. For example, the '017 patent states:

> Currently, data indicating sale prices of homes or other real estate is available from several on-line sources. This data is typically displayed in text format, wherein each entry displays the address, sales price, sales date, etc. Although these databases provide information to potential home buyers regarding sale prices in selected areas, the textual display of such information is inefficient. Further, the textual display does not provide the observer with an indication of how sale prices vary generally across geographic areas.

*See* '017 Specification at col. 1, ll. 24-32.

26. The invention(s) claimed in the '017 patent solves various technological problems inherent in the then-existing real estate Real Estate marketing research and analysis systems to, among other things, function more efficiently.

## **CLAIMS FOR RELIEF**

### **Count I – Infringement of United States Patent No. 7,065,017**

27. Kioba repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

28. On information and belief, Compass (or those acting on its behalf) made, used, sold, imported and/or offered to sell the Compass Real Estate Research Products, and Services; and made, used, sold, sold access to, imported, offered to sell and/or offered to sell access to the Compass Real Estate Research System in the United States that infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '017 patent.

29. On information and belief, one or more components of the Compass Real Estate Research System (*e.g.*, a website and database operated by Compass) employs and provides a method for operating a computer server.



*See e.g.*, https://www.compass.com/.

30. On information and belief, one or more components of the Compass Real Estate Research System employs and provides a method for conducting real estate research, comprising the step of accessing at least one value within a database, the at least one value associated with at least one geographic location, in response to receiving a data input, the data input (*e.g.*, address input box), including at least a request for information associated with a first geographic area (*e.g.*, zip code, city, State) that includes the at least one geographic location (*e.g.*, listing location).



*See, e.g.*, https://www.compass.com/homes-for-sale/waco-tx/mapview=31.5626448,-97.1333712,31.5118763,-97.2047824/.



*See e.g.,* https://www.compass.com/homes-for-sale/waco-tx/mapview=31.5626448,-97.1333712,31.5118763,-97.2047824/.



*See e.g.,* https://www.compass.com/.

31. On information and belief, one or more components of the Compass Real Estate Research System employs and provides a method for conducting real estate research, comprising the step of associating at least one symbol (*e.g.*, ![247K], *etc.*) with the at least one geographic location wherein the associating is based at least in part on the at least on value (*e.g.*, home value) associated with the at least one geographic location (*e.g.*, listing location).



*See, e.g.*, https://www.compass.com/homes-for-sale/waco-tx/mapview=31.5626448,-97.1333712,31.5118763,-97.2047824



*See e.g.,* https://www.compass.com/homes-for-sale/waco-tx/.

32. On information and belief, one or more components of the Compass Real Estate Research System employs and provides a method for conducting real estate research, comprising the step of generating output data for the first geographic area, the data configured to be processed by a remote computing device or another computing device, the data based at least in part of one symbol, geographic location, and a value (*e.g.,* home value) associated with the geographic location (*e.g.,* listing location).



*See, e.g.*, https://www.compass.com/homes-for-sale/waco-tx/mapview=31.5626448,-97.1333712,31.5118763,-97.2047824/.

33. On information and belief, at least since its 2020 receipt of the February 2020 Letter, Compass knew that the acts Compass induced its customers to take constituted patent infringement and Compass' encouraging acts resulted in direct infringement by customers and potential customers.

34. On information and belief, Compass instructed its customers and potential customers to use the Compass Real Estate Research Products and Services and the Compass Real Estate Research System without limitation, through Compass' websites and Compass' printed marketing materials which provide direction and support for using the Compass Real Estate Research Products and Services and the Compass Real Estate Research System.

35. On information and belief, Compass' customers and potential customers directly infringe at least claim 1 of the '017 patent through their use of the Compass Real Estate Research Products and Services and the Compass Real Estate Research System.

36. On information and belief, Compass is in violation of 35 U.S.C. § 271(b) and has, at least after its receipt of the February 2020 Letter, indirectly infringed at least claim 1 of the '017 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Compass' customers and potential customers) and possessing specific intent to encourage infringement by Compass' customers and potential customers.

37. Kioba has been damaged by Compass's infringement and suffered damages as a result of this infringement.

## JURY DEMANDED

38. Pursuant to Federal Rule of Civil Procedure 38(b), Kioba hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Kioba respectfully requests this Court to enter judgment in Kioba's favor and against Compass as follows:

a. finding that Compass has infringed one or more claims of the '017 patent under 35 U.S.C. §§ 271(a) and/or 271(b);

b. awarding Kioba damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

c. awarding Kioba pre-judgment and post-judgment interest on the damages award and costs;

d. declaring that Compass has willfully infringed one or more claims of the Patent-in-Suit;

e. awarding treble damages pursuant to 35 U.S.C. § 284 as a result of Compass's willful conduct in relation to one or more claims of the Patent-in-Suit;

f. declaring that this case is exceptional and awarding costs of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

g. awarding such other costs and further relief that the Court determines to be just and equitable.

Dated: November 9, 2023                    Respectfully submitted,

*/s/ Zachary H. Ellis*
Zachary H. Ellis*
Texas State Bar No. 24122606
zellis@daignaultiyer.com
Tel. 512-829-7992

Oded Burger (*pro hac vice* to be filed)*
oburger@daignaultiyer.com
**DAIGNAULT IYER LLP**
8618 Westwood Center Drive - Suite 150
Vienna, VA 22182

*Attorneys for Plaintiff Kioba LLC.*

*Not admitted to practice in Virginia